Maxon R. Davis
DAVIS, HATLEY, HAFFEMAN & TIGHE, P.C.
The Milwaukee Station, Third Floor
101 River Drive North
P.O. Box 2103
Great Falls, MT 59403-2103
Telephone:  406-761-5243
Facsimile:   406-761-4126
Max.davis@dhhtlaw.com
*Attorneys for Paul Carlson*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

:::::::::::::::::::::::::::::::::::::::::::::::::::::::

| | |
|---|---|
| SHANDA SARCHETTE, an individual, and MARCIE CALDWELL, an individual, | CAUSE NO. CV-19-124-M-DWM |
| Plaintiffs, | |
| -vs- | **MEMORANDUM IN SUPPORT OF PAUL CARLSON'S MOTION TO DISMISS FOR LACK OF <u>JURISDICTION</u>** |
| ALEX M. AZAR II, Secretary of the United States Department of Health and Human Services; PAUL CARLSON, an individual; DEBORAH WILSON, an individual, and JOHN DOES 1-10, | |
| Defendants. | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::

Sandra Sarchette and (and now) Molly Coldwell are suing HHS Secretary

Alex Azar, Paul Carlson and now Deborah Wilson. Plaintiffs' Amended Complaint

(Doc. 28), which is supposed to contain a "short and plain statement of the claim"[1] is 34 pages in length, with over 140 allegations of not just facts, but of law and mixed statements of law and fact. That said, the gravamen of the Amended Complaint is that Paul Carlson sexually harassed Plaintiffs over an extended period of many years while he and Plaintiffs worked together at the Rocky Mountain Lab ("RML") in Hamilton, Montana.

Plaintiffs assert five claims for relief – under none of which it is alleged that all of the defendants are jointly liable. Counts I and II are for discrimination and for a hostile work environment. The only defendant alleged to be liable is Alex Azar, in his capacity as Secretary of HHS, i.e. the federal government, as owner of the RML.

Paul Carlson is alleged to be liable to Plaintiffs under Count III, for Negligence, under Count IV, for Intentional and/or Negligent Infliction of Emotional Distress and under Count V, for Invasion of Privacy. These are claims that exist under Montana common law. The Amended Complaint is wholly devoid of allegations by which federal question jurisdiction is asserted against Paul Carlson.

The Amended Complaint also alleges (entirely correctly) at ¶¶ 1, 2 and 4, that Sarchette, Caldwell and Carlson, are all Montana residents. Plainly, diversity jurisdiction does not exist. In explicit recognition of the lack of both a federal

---

[1] Rule 8(a)(1), FRCivP.

question against, or diversity jurisdiction existing with, Paul Carlson, Plaintiffs allege that the court can keep him in this case on the basis of supplemental jurisdiction pursuant to 28 USC § 1367, because the "claims" are related. *Id.*, at ¶ 9.

Paul Carlson respectfully disagrees. He instead submits that the jurisprudence which has developed for the exercise of pendant jurisdiction under 28 USC § 1367 leads inexorably to the conclusion that Paul Carlson can – and should be – dismissed from this case.

As a first point, the Amended Complaint appears to at least tacitly concede that Paul Carlson cannot himself be sued for discrimination or a hostile work environment. Paul Carlson readily agrees. Such claims can only be pursued against a plaintiff's employer. *Miller vs. Maxwell's Intern., Inc.*, 991 F.2d 583, 587-8 (9th Cir. 1993). Carlson was never either Sarchette's or Caldwell's employer. That point appears beyond dispute. He can never be liable to them under Counts I or II.

As far as the separate Montana common law claims asserted against Paul Carlson are concerned, the concept of pendant jurisdiction does not extend to keep him in the case, in the absence of some other basis for there being federal jurisdiction over him. See *Action Embroidery Corporation vs. Atlantic Embroidery, Inc.*, F.3d 1174 (9th Cir. 2004). There, the Ninth Circuit endorsed utilizing pendant jurisdiction over defendants over whom a federal court *could*

*already* assert jurisdiction for existing federal claims against them:

> Many of our sister circuits have adopted the doctrine of "pendent personal jurisdiction." Under this doctrine, a court may assert pendent personal jurisdiction over a defendant with respect to a claim for which there is no independent basis of personal jurisdiction so long as it arises out of a common nucleus of operative facts *with a claim in the same suit over which the court does have personal jurisdiction.* [Citing cases.] Pendent personal jurisdiction is typically found where one or more federal claims for which there is nationwide personal jurisdiction are combined in the same suit with one or more state or federal claims for which there is not nationwide personal jurisdiction.
> . . . .
> *When a defendant must appear in a forum to defend against one claim, it is often reasonable to compel that defendant to answer other claims in the same suit arising out of a common nucleus of operative facts.*

*Id.*, at pp. 1180-81. [Emphasis added.]

The problem here is that Paul Carlson does not need to appear in this court to answer claims of sexual harassment under Title VII, even if he was, as alleged, the harasser. It would be a classic example of bootstrapping to extend jurisdiction over a defendant for pendant state-law claims in the absence of jurisdiction existing over him in the first instance. At least one sister federal court has recognized this incongruity and explained why *Action Embroidery* is specifically inapplicable to what Sarchette and Caldwell seek to accomplish with their Amended Complaint:

> The doctrine of pendent personal jurisdiction allows a court to exercise personal jurisdiction over additional claims against a single

4

> defendant, not over additional defendants. [Citing case] The doctrine
> is inapplicable here because GISFW cites no case law that supports
> "pendent personal jurisdiction" over additional defendants, as opposed
> to additional claims.

*Get In Shape Franchise, Inc., vs. TFL Fishers, LLC,* 167 F. Supp.3d 173, 194-5 (D. Mass. 2016). That is precisely the deficiency here, with Plaintiffs' allegation that their "claims" against Paul Carlson share facts common to their claims against Secretary Azar. That is simply not enough. There ought to be no question that this court would be unable to hear a case amongst three Montana residents for the three counts which Sarchette and Caldwell seek to pursue against Paul Carlson, if that were all that those plaintiffs had alleged.

Indeed, if the basis for what is the "anchor" claim by which federal jurisdiction is premised is found not to exist as against particular defendants, it has been determined that it would be an abuse of discretion to exercise pendant jurisdiction over any remaining state law claims against those same defendants. *United States v. Botefuhr*, 309 F.3d 1263, 1273-4 (10th Cir.2002); accord, *Taylor vs. Bettis*, 976 F.Supp.2d 721, 751-2 (E.D.N.C. 2013).

## Conclusion

Paul Carlson should be dismissed from this case.

5

DATED this 17th day of April, 2020.

DAVIS, HATLEY, HAFFEMAN & TIGHE, P.C.


By /s/ *Maxon R. Davis*
       Maxon R. Davis
       P.O. Box 2103
       Great Falls, Montana 59403-2103
       *Attorneys for Paul Carlson*